| | |
|---|---|
| DISTRICT COURT<br>ARAPAHOE COUNTY, COLORADO<br>7325 S POTOMAC ST #100<br>CENTENNIAL, CO 80112<br><br>**PLAINTIFFS:** RICH TERRANOVA,<br>TOM CIOTOLI and<br>PETER ELMORE on their own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>**DEFENDANT:** THE QUIKRETE COMPANIES, LLC | DATE FILED: January 10, 2022 2:58 PM<br>FILING ID: 4C8AE7A99F2DC<br>CASE NUMBER: 2022CV30039<br><br><br><br>☐   COURT USE ONLY   ☐ |
| Attorney for Plaintiff:<br>Andrew H. Turner, Atty. Reg. # 43869<br>MILSTEIN TURNER, PLLC<br>1490 Lafayette St. #304<br>Denver, CO. 80218<br>303.305.8230<br>andrew@milsteinturner.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT FOR UNPAID WAGES** | |

Plaintiffs, by and through undersigned counsel, on their own behalf and on behalf of all others similarly situated, file this Class Action Complaint for Unpaid Wages against the above-named Defendant to recover unpaid minimum and overtime wages.

## STATEMENT OF THE CASE

1. Plaintiffs and those similarly situated ("others") are or were employed in Defendant's concrete business as local delivery drivers.

2. The Plaintiffs and others were not paid overtime premiums for hours worked in excess of 40 in a workweek.

3. The Plaintiffs and others were denied mandatory, compensated rest-breaks and were not compensated for that denial.

4. This action concerns work performed between January 10, 2016 and January 1, 2021 (hereinafter "relevant time period").

5. Defendant violated the Colorado Overtime and Minimum Pay Standards Order (the

**EXHIBIT 2**

"COMPS Order"), 7 C.C.R. 1103-1, (and predecessor Wage Orders) and the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.* and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et.seq.* as implemented by the COMPS Order (and predecessor Wage Orders).

6. Defendant violated the COMPS Order (and predecessor Wage Orders) because it requires employers to pay their employees not less than the applicable minimum wage for all hours worked. Defendant also violated the COMPS Order (and predecessor Wage Orders) because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek or beyond twelve in a given work day. Finally, violated the COMPS Order (and predecessor Wage Orders) because Defendant failed to authorize and permit compensated ten minute rest periods for each four hours worked.

7. Defendant violated the Colorado Minimum Wage Act, as implemented by the COMPS Order (and predecessor Wage Orders), because it requires employers to pay their employees not less than the applicable minimum wage for all hours worked. Defendant also violated the Colorado Minimum Wage Act, as implemented by the COMPS Order (and predecessor Wage Orders), because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek or beyond twelve in a given work day. Defendant also violated the MWA because it failed to authorize and permit compensated ten minute rest periods for each four hours worked.

8. Defendant violated the Colorado Wage Claim Act by failing to pay Plaintiff Ciotoli and others all earned, vested and determinable wages or compensation at the time of their separation from employment. C.R.S. § 8-4-109. Defendant violated the Colorado Wage Claim Act by failing to pay Plaintiff Elmore for all hours at promised rates.

9. Plaintiffs Terranova, Ciotoli and Elmore assert their Count I claims pursuant to the COMPS Order, 7 CRR 1103-1 and predecessor Wage Orders and their Count II claims pursuant to the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et. seq. on behalf of themselves and a class of similarly situated drivers.

10. Plaintiff Ciotoli asserts his Count III claims pursuant to the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.* on behalf of himself and a class of similarly situated drivers formerly employed by Defendant.

11. Plaintiff Elmore asserts his Count IV claim pursuant to the Colorado Wage Claim Act ("CWCA), C.R.S. § 8-4-103 on his own behalf.

## PARTIES, JURISDICTION, AND VENUE

12. Defendant has employed Plaintiff Rich Terranova from approximately January 23, 2020 through the present. During times relevant to this lawsuit, Plaintiff Terranova performed work for Defendant in Colorado.

13. Defendant employed Plaintiff Tom Ciotoli from approximately February 1, 2020

EXHIBIT 2

through approximately December 15, 2020. During times relevant to this lawsuit, Plaintiff Ciotoli performed work for Defendant in Colorado.

14. Defendant has employed Plaintiff Peter Elmore from approximately September 11, 2020 through the present. During times relevant to this lawsuit, Plaintiff Elmore performed work for Defendant in Colorado.

15. Defendant The Quikrete Companies, LLC is a Limited Liability Company organized under the laws of Delaware, which maintains a principal office address of 5 Concourse Pkwy, Ste 1900, Atlanta, GA 30328.

16. Defendant employs local delivery drivers at several depots located in the state of Colorado.

17. Defendant employed the Plaintiffs at one such depot located at 8311 Carder Ct. Littleton, CO. 80125.

18. This Court has jurisdiction over Defendant pursuant to C.R.S. § 13-1-124(1)(a) because Defendant or its agents transact business in this state.

19. This Court has jurisdiction over the subject matter of this action pursuant to C.R.S. § 8-6-118, 7 CCR 1103-1(18) and 7 CCR 1103-1(8.1)(A).

20. Venue in this Court is proper pursuant to Colo. R. Civ. P. 98(b)(1) because the claim or some parts thereof arose in this judicial District.

## FACTUAL ALLEGATIONS

21. Defendant employed Plaintiffs Terranova, Ciotoli and Elmore ("Plaintiffs") as local delivery drivers. Plaintiffs made deliveries of purchased materials to Defendant's customers within the state of Colorado.

22. The time sheets on which Plaintiffs were instructed to record their work bore the logo of The Quikrete Companies.

23. The payroll checks issued to Plaintiffs bore the logo of The Quikrete Companies.

24. The payroll checks issued to Plaintiffs were issued from the principal business address of The Quikrete Companies.

25. The terms and conditions of Plaintiffs' employment were dictated by or summarized in The Quikrete Companies Employee Handbook.

26. The Plaintiffs were managed, directed and controlled by employees of The Quikrete Companies.

27. The Plaintiffs and others regularly worked hours in excess of 40 per workweek during the relevant time period.

28. Defendant did not pay the Plaintiffs overtime premiums for hours worked in excess of 40 in a given workweek.

29. For example, Plaintiff Rich Terranova worked 53.5 hours for Defendant in the workweek running from April 5, 2020 through April 11, 2020. Defendant paid Plaintiff Terranova for all such hours at straight time rates, without increase for overtime premiums.

30. For example, Plaintiff Tom Ciotoli worked over 40 hours for Defendant in the workweek running from October 11, 2020 through October 17, 2020. Defendant paid Plaintiff Ciotoli for all such hours at straight time rates, without increase for overtime premiums.

31. For example, Plaintiff Peter Elmore worked over 40 hours for Defendant in the workweek running from November 29, 2020 through December 5, 2020. Defendant paid Plaintiff Elmore for all such hours at straight time rates, without increase for overtime premiums.

32. Plaintiffs and others sometimes worked overtime hours in excess of 12 in a work day.

33. Defendant did not pay the Plaintiff and others overtime premiums for hours worked in excess of 12 in a work day.

34. For example, Plaintiff Rich Terranova worked 13 hours on February 28, 2020. Defendant paid Plaintff Terranova for all such hours at straight time rates, without increase for overtime premiums.

35. Plaintiffs seek to represent a class of Defendant's local delivery drivers, who in a given workweek after January 10, 2016 (1) performed work exclusively in Colorado, (2) worked in excess of 40 hours in a week or 12 hours in a day (3) were not paid overtime premiums and (4) who were hired before October 1, 2020. This alleged class of similarly situated current and former employees is referred to hereinafter as "others".

36. Defendant employed persons, including the Plaintiffs and others within the state of Colorado.

37. The Plaintiffs and others did not cross state lines in the performance of their work.

38. The Plaintiffs and others performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiff and others were to perform.

39. Defendant scheduled, directed and controlled the work of the Plaintiffs and others.

40. Defendant subjected all members of the alleged class to the same policy and practice of paying straight time rates for overtime hours worked.

-4-

EXHIBIT 2

41. Plaintiffs and others regularly worked shifts in excess of four hours for Defendant.

42. Defendant regularly failed to provide the Plaintiff and others required, compensated rest breaks of ten minutes for each four hours of work.

43. Defendant did not supplement the pay given the Plaintiff and others for denial of required, compensated rest breaks.

44. When the Plaintiff and others were required to work through their ten-minute rest periods, their shifts were effectively extended by 10 minutes for each four hours of duration.

45. Defendants' failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiff and others similarly situated.

46. The Plaintiffs and others were not exempt from the protections of the COMPS nor of predecessor Wage Orders.

47. At all times relevant to this action, Defendant offered goods or merchandise for sale to the consuming public, and generated 50% or more of its annual dollar volume of business from such sales.

## RULE 23 CLASS ALLEGATIONS

48. Plaintiffs Terranova, Ciotoli and Elmore bring their Count I claims pursuant to the COMPS Order, 7 CRR 1103-1 and predecessor Wage Orders and their Count II claims pursuant to the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et. seq. on behalf of a putative class preliminarily defined as:

> Local delivery drivers employed by Defendant, who in a given workweek after January 10, 2016 (1) performed work exclusively in Colorado, (2) worked in excess of 40 hours in a week or 12 hours in a day (3) were not paid overtime premiums and (4) who were hired before October 1, 2020.

49. Plaintiff Ciotoli asserts his Count III claims pursuant to the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 et.seq. on behalf of a putative class preliminarily defined as

> Individuals formerly employed by Defendant as local delivery drivers who in a given workweek after January 10, 2019 (1) performed work exclusively in Colorado, (2) worked in excess of 40 hours in a week or 12 hours in a day (3) were not paid overtime premiums and (4) who were hired before October 1, 2020.

50. Plaintiffs and the classes they allege meet the applicable requirements of C.R.C.P. 23(a): the members of the classes are too numerous to practicably join, claims of individual class members originate from common questions of law and fact, named Plaintiffs pose claims typical and representative of the claims of the class, and they will fairly and adequately represent the class' interests.

51. Because common questions of law and fact predominate, class status is the superior method of handling this case. C.R.C.P. 23(b)(3). Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members in individually controlling the prosecution of this action, and there are no likely difficulties in managing a class action.

52. While the exact numbers of the members of the alleged classes are unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are over 40 individuals in each alleged class.

53. Common questions of law and fact exist as to the alleged classes that predominate over any questions affecting only the class members individually. These common questions include, but are not limited to the following:

   a. Whether Defendant was subject to the overtime requirements of the COMPS Order;

   b. Whether Defendant failed to pay overtime premiums for hours worked in excess of 40 in a week;

   c. Whether Defendant failed to pay overtime premiums for hours worked in excess of 12 in a day; and

   d. Whether Defendants' violations of the COMPS Order and predecessor Wage Orders constituted violations of the Colorado Minimum Wage Act;

54. The contours of the alleged classes will be easily defined by reference to payroll documents that Defendant was legally required to create and maintain. 7 CCR 1103-1 at 12; 7 CCR 1102-1 (2020) at 7.1. Notice will be easily distributed because all Members of the putative classes are or were recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each class member.

## COUNT I – Colorado Overtime and Minimum Pay Standards (COMPS) Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1

55. Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-54 above as if fully set forth herein.

56. Named Plaintiffs assert this Count on behalf of themselves and a putative class preliminarily defined as:

Local delivery drivers employed by Defendant, who in a given workweek after January 10, 2016 (1) performed work exclusively in Colorado, (2) worked in excess of 40 hours in a week or 12 hours in a day (3) were not paid overtime premiums and (4) who were hired

before October 1, 2020.

57. This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between January 10, 2016 and the present.

58. Defendant was Plaintiffs' and other members of the putative class' ("others") "employer" as that term is defined by the COMPS Order because it suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them. 7 C.C.R. 1103-1 ¶ 1.6(A).

59. Plaintiff and others were Defendant's "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs and others, who performed the primary work of the employer. 7 C.C.R. 1103-1 ¶ 1.5(A).

60. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to pay the Plaintiff and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1 ¶ 4.1.1(A).

61. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to pay the Plaintiff and others overtime premiums for hours worked over twelve in each given work day. 7 CCR 1103-1 ¶ 4.1.1(B).

62. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to authorize and permit the Plaintiffs and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

63. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to compensate the Plaintiff and others for mandatory, compensated ten-minute rest periods which they were denied. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

64. As a result, the Plaintiffs and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

65. Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

### COUNT II – Colorado Minimum Wage Act, C.R.S. § 8-6-101, et.seq.

66. Plaintiffs repeats and realleges each of the allegations contained in ¶¶ 1-65 above as if fully set forth herein.

**EXHIBIT 2**

67. The Plaintiffs assert this claim on behalf of themselves and a putative class preliminarily defined as:

> Local delivery drivers employed by Defendant, who in a given workweek after January 10, 2016 (1) performed work exclusively in Colorado, (2) worked in excess of 40 hours in a week or 12 hours in a day (3) were not paid overtime premiums and (4) who were hired before October 1, 2020.

68. This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between January 10, 2016 and the present.

69. When Defendant failed to make payments in compliance with the COMPS Order and predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1, it failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

70. Defendant's failure to make payments required by the COMPS Order and predecessor Colorado Minimum Wage Orders violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

71. As a result of Defendant's violations of law, Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

72. Plaintiffs and others are entitled to recover in this civil action the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118.

### COUNT III – Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

73. Plaintiffs repeat and realleges each of the allegations contained in ¶¶ 1-65 above as if fully set forth herein.

74. Plaintiff Tom Ciotoli asserts this Count on behalf of a putative class preliminarily defined as

> Individuals formerly employed by Defendant as local delivery drivers who in a given workweek after January 10, 2019 (1) performed work exclusively in Colorado, (2) worked in excess of 40 hours in a week or 12 hours in a day (3) were not paid overtime premiums and (4) who were hired before October 1, 2020.

75. Plaintiff and other former employees were formerly employed by Defendant.

76. This Count seeks the recovery of unpaid minimum and overtime wages and penalties arising from work performed between January 10, 2019 and the present.

**EXHIBIT 2**

77. Defendant was Plaintiff's and other former employees' "employer" as that term is defined by the CWCA, because Defendant suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them. C.R.S.§ 8-4-101(6).

78. Plaintiff and other former employees were Defendant's "employees" as that term is defined by the CWCA, because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff and others, who performed the primary work of the Defendant employer. C.R.S. § 8-4-101(5).

79. The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff and other former employees overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1 ¶ 4.1.1(A). Defendant failed to make these payments.

80. The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff and other former employees overtime premiums for hours worked over twelve in each given work day. 7 CCR 1103-1 ¶ 4.1.1(B). Defendant failed to make these payments.

81. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to authorize and permit the Plaintiffs and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

82. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to compensate the Plaintiff and others for mandatory, compensated ten-minute rest periods which they were denied. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

83. Defendant failed to compensate the Plaintiff and other former employees for the earned, vested and determinable wages or compensation recited above at the time of their separation from employment. C.R.S. § 8-4-109.

84. As a result, the Plaintiff and other former employees have suffered lost wages and lost use of those wages in an amount to be determined at trial.

85. Plaintiff and other former employees are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### COUNT IV – Violation of Colorado Wage Claim Act C.R.S. § 8-4-103

86. Plaintiffs repeat and realleges each of the allegations contained in ¶¶ 1-47 above as if fully set forth herein.

87. Plaintiff Peter Elmore asserts this Count on his own behalf only.

88. This Count seeks the recovery of wages and penalties arising from work performed between January 10, 2019 and the present.

89. Defendant was Plaintiff Elmore's "employer" as that term is defined by the CWCA, because Defendant suffered or permitted him to work and acted directly or indirectly in the interests of an employer in relation to him. C.R.S.§ 8-4-101(6).

90. Plaintiff Elmore was Defendant's "employee" as that term is defined by the CWCA, because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over Plaintiff Elmore, who performed the primary work of the Defendant employer. C.R.S. § 8-4-101(5).

91. The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1 ¶ 4.1.1(A). Defendant failed to make these payments.

92. The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff overtime premiums for hours worked over twelve in each given work day. 7 CCR 1103-1 ¶ 4.1.1(B). Defendant failed to make these payments.

93. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to authorize and permit the Plaintiff to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

94. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to compensate the Plaintiff and others for mandatory, compensated ten-minute rest periods which were denied. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

95. Defendant failed to pay Plaintiff Elmore for all hours at promised rates.

96. Defendant failed to pay Plaintiff Elmore all wages or compensation earned. C.R.S. § 8-4-103(1)(a).

97. As a result, the Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

98. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him. C.R.S. § 8-4-110(2).

### PRAYER FOR RELIEF

As to their Count I Claim brought under the Colorado Overtime and Minimum Pay Standards Order and predecessor Colorado Minimum Wage Orders, Plaintiffs respectfully request an Order that:

    a. This Count be certified to proceed as a class action pursuant to C.R.C.P. 23(b)(3);

**EXHIBIT 2**

    b. Plaintiffs and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due. 7 CCR 1103-1 ¶8.1(A).

    c. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to their Count II Claim brought under the Colorado Minimum Wage Act, Plaintiffs respectfully request an Order that:

    a. This Count be certified to proceed as a class action pursuant to C.R.C.P. 23(b)(3);

    b. Plaintiffs and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due. C.R.S. § 8-6-118.

    c. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count III Claim brought under the Colorado Wage Claim Act, Plaintiff Ciotoli respectfully requests an Order from the Court that:

    a. Plaintiff and others be awarded the unpaid balance of the full amount of wages or compensation (including commissions) owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    b. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count IV Claim brought under the Colorado Wage Claim Act, Plaintiff Elmore respectfully requests an Order from the Court that:

    a. He be awarded the unpaid balance of the full amount of wages or compensation owed to him. C.R.S. § 8-4-103.

    b. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

**EXHIBIT 2**

Respectfully Submitted,

*/s/ Andrew H. Turner*
Signed original on file and available for inspection at:
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO 80218
(303) 305-8230
andrew@milsteinturner.com

*Counsel for Plaintiff*

Plaintiffs' Addresses:

10541 S. Deer Creek Rd.
Littleton, CO. 80127

10147 Astorbrook Ln.
Littleton, CO 80126

8200 Shaffer Pkwy #2771489
Littleton, CO. 80127

- 12 -

# EXHIBIT 2